Eollett, J.
It is not claimed that Fauline Y. Waddle was not rightly divorced and restored to her maiden name; neither is it claimed that her right to alimony had ever been passed upon in any prior action.
It is not questioned that the amount of the alimony decreed is just and reasonable.
If she had not been divorced she was the wife of plaintiff in error; and, if residing in Belmont county, without doubt as a wife, under section 5702 of the Revised Statutes, she could file her petition for alimony alone. Section 5702 provides . . . ; “ the wife may file her petition for alimony alone, or, if a petition for divorce lias been filed by the husband, she may file her cross-petition for alimony, with or without a prayer for the dissolution of the marriage contract,” and “habitual drunkenness” is specified as a cause for alimony. The old English doctrine that “ alimony has no independent existence,” is not the law of Ohio.
As to where and by whom a petition for alimony may be filed, section 5690 of the Revised Statutes provides as follows: *456 “The plaintiff, except in an action for alimony alone, shall have been a resident of the state at least one year before filing the petition; all actions for divorce, or for alimony, shall be brought in the county where the plaintiff has a bona fide residence at the time of filing the petition, or in the county where the cause of action arose; and the court shall hear and determine the same, whether the marriage took place or the cause of action occurred, within or 'without the state.”
No question is made by the record as to her alleged bona fide residence in Belmont county, as is required by law. The record shows legal service and the personal presence of the parties in court.
The language of the statute is : “ The eourt shall hear and determine the same, whether the marriage took place or the cause of” divorce (or, as here, alimony) “occurred within or without the state.” And the court found the plaintiff in error “ guilty of habitual drunkenness, as alleged in the petition.” This is the “ cause ” for alimony.
Thus the language of the statute answers nearly all the questions presented in this case.
It is not claimed that this woman’s right to alimony had been passed upon by any court; and the Tennessee court, not having jurisdiction of this matter, did not pass upon it, and it could not adjudge alimony in that case. 2 Bish. Mar. & Div., sec. 170; Whar. Ev. 818.
So far as appears the action in Belmont county was the first in which the defendant in error could recover alimony from the plaintiff in error, and no limitation is claimed. But the words of the statute (§ 5702 Rev. Stat.) are: “the wife may file her petition for alimony alone.” May the word “wife,” as used in this statute, include a woman divorced, as was this defendant in error ?
In the case of Cox v. Cox, 19 Ohio St. 502, this eourt allowed the benefits of this statute to a woman whose husband had been divorced from her by a court in Indiana, while she remained domiciled in Ohio. In that case, on page 512, White J., said:. “ It is hot essential to the allow *457 anee of alimony that the marriage relation should subsist up to the time it is allowed.- On appeal, alimony may be decreed by the district court, notwithstanding the subsisting divorce pronounced by the court of common pleas. It is true the statute speaks of the allowance as being made to the wife. But the term ‘ wife ’ may be regarded as used to designate the person, and not the actual existing relation; or the petitioner may still be regarded as holding the relation of wife for the purpose of enforcing her claim to alimony.”
He thus shows that the word wife designates the person divorced after the divorce is granted. He further considered the questions at length and the court there held: “ That the decree of divorce was no defense to her petition for alimony.” The principles there stated and held sustain this judgment.
Here there is no showing of fraud on the part of the defendant in error, nor any claim that the plaintiff in error has been wronged by having the alimony suit tried in a separate action.
"We think that, under the law of this state, the district court, in allowing alimony to the defendant in error, did not err. Judgment affirmed.